NSK LTD. and NSK Corporation,
Plaintiff,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

Court No. 91–08–00578.

United States Court of International Trade.

April 17, 1992.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, Washington, D.C., for plaintiff NSK Ltd. and NSK Corp.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Velta A. Melnbrencis, Washington, D.C. (Stephen J. Claeys, Atty.–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel), for defendant U.S.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Geert De Prest, John M. Breen and Amy S. Dwyer, Washington, D.C., for defendant-intervenor Torrington Co.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley and Joseph A. Perna, V, Washington, D.C., for defendant-intervenor Federal–Mogul Corp.

## OPINION AND ORDER

TSOUCALAS, Judge:

On August 9, 1991, plaintiff filed a summons, and on September 6, 1991 a complaint, challenging the final determination of the Department of Commerce, International Trade Administration's ("ITA") calculation of dumping margins in the first administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews*, 56 Fed.Reg. 31,754 (1991) ("Final Determination"). The Final Determination was published on July 11, 1991. The merits of plaintiff's action are still pending.

Plaintiff NSK Ltd. and NSK Corporation ("NSK") requests this Court to order the ITA to complete the administrative record in this case by including NSK's July 25,

1991 letter requesting ITA to amend its Final Determination to correct certain alleged ministerial errors. NSK submitted this request pursuant to section 735(e) of the Tariff Act of 1930, as amended (19 U.S.C. § 1673d(e) (1988)), and section 353.-28(b) of ITA's regulations (19 C.F.R. § 353.28(b) (1991)). ITA did not respond to NSK's request to correct the alleged ministerial errors.

Section 735(e) of the Tariff Act of 1930, as amended, requires ITA to "establish procedures for the correction of ministerial errors in final determinations within a reasonable time after the determinations are issued under this section." 19 U.S.C. § 1673d(e). ITA promulgated 19 C.F.R. § 353.28 to implement procedures for correcting ministerial errors. Ministerial errors are defined as "errors in addition, subtraction, or other arithmetic function, clerical errors resulting from inaccurate copying, duplication, or the like, and any other type of unintentional error which the administering authority considers ministerial." 19 U.S.C. § 1673d(e); 19 C.F.R. § 353.28(d). 19 C.F.R. § 353.28(c) allows ITA to issue an amended final determination if it determines that ministerial errors exist.

■ This Court's review of a final determination in an administrative review is limited to a review of the administrative record developed in that administrative review. 19 U.S.C. § 1516a(a)(2) (1988). The administrative record is defined as:

> (i) a copy of all information presented to or obtained by the … administering authority … during the course of the administrative proceeding …; and
>
> (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1988).

■ The caselaw of this court is very clear that the administrative record "is limited to the information that was presented to or obtained by the agency making the determination during the particular review proceeding for which section 1516 authorizes judicial review." *Beker Indus. Corp. v. United States*, 7 CIT 313, 316 (1984); *see also Intrepid v. United States*, 15 CIT ——, ——, Slip Op. 91–14 at 3–4, 1991 WL 37876 (March 1, 1991); *Ipsco, Inc. v. United States*, 13 CIT 489, 495, 715 F.Supp. 1104, 1109 (1989). "Any information received by Commerce after the particular determination at issue is not part of the reviewable administrative record." *Intrepid*, 15 CIT at ——, Slip Op. 91–14 at 4, 1991 WL 37876 (March 1, 1991) (citing *Ipsco*, 13 CIT at 495, 715 F.Supp. at 1109).

The "particular determination at issue" in this case is ITA's Final Determination published on July 11, 1991. The administrative record in this case consists of all materials submitted to or obtained by ITA between the initiation of this administrative review on May 1, 1990 and the publication of the Final Determination in this review on July 11, 1991. Any submissions made by plaintiff after July 11, 1991 are clearly not a part of the administrative record which this Court can use to review this Final Determination.

Plaintiff NSK argues that failure to include a letter requesting correction of ministerial errors in the administrative record when no correction occurs, and including a letter when ministerial errors are corrected through the publication of an amended final determination, would be arbitrary. This is not correct. If ministerial errors exist in the Final Determination, they will be manifest in the administrative record as submitted and plaintiff can ask this Court for a remand to correct any such errors based on the record as submitted. *Brother Indus., Ltd. v. United States*, 15 CIT ——, ——, ——, 771 F.Supp. 374, 384, 388 (1991); *Koyo Seiko Co., Ltd. v. United States*, 14 CIT ——, ——, 746 F.Supp. 1108, 1110 (1990); *Serampore Indus. Pvt. Ltd. v. United States Dep't of Commerce*, 12 CIT 825, 834, 696 F.Supp. 665, 673 (1988). Accordingly, the Court hereby denies the plaintiff's motion to order the ITA to complete the administrative record in this case by including NSK's July 25, 1991 letter requesting ITA to amend its Final Determination to correct certain alleged ministerial errors.